Lisa L. Oberg (State Bar No. 120139)
Sara M. Parker (State Bar No. 238448)
MCKENNA LONG & ALDRIDGE LLP
101 California Street
41st Floor
San Francisco, CA  94111
*Telephone*:  (415) 267-4000
*Facsimile*:  (415) 267-4198

Attorneys for Defendants
EOD Technology, Inc. and
EODT Security Services, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>Plaintiff,<br><br>v.<br><br>EOD TECHNOLOGY, INC.; EODT SECURITY SERVICES, INC.; ALI FALAH HANSON; and DOES 1 to 100,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331, 1332 AND 1441.** |

Defendants EOD Technology, Inc. and EODT Security Services, Inc. (hereinafter "Defendants") hereby remove this case from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. §§ 1331, 1332, and 1441.[1]

---

[1] As of the filing of this removal notice, Plaintiff had not served Defendant Ali Falah Hanson and therefore such Defendant was not required to join in or consent to the removal.  *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

NOTICE OF REMOVAL

## I. JURISDICTIONAL GROUNDS FOR REMOVAL

Removal of this case is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, as this action falls within the Court's diversity and federal question jurisdiction. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441 because it is wholly between citizens of different states and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Removal is also proper under 28 U.S.C. §§ 1331 and 1441, as this case falls within the Court's federal question jurisdiction. Specifically, federal question jurisdiction is appropriate as the alleged activities occurred at Defendants' facilities, located in the Green Zone in Baghdad, Iraq, over which this Court has exclusive and original jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction is also proper as this case arises under the Constitution, laws, and treaties of the United States and involves uniquely federal interests.

## II. PURSUANT TO 28 U.S.C. § 1446, REMOVAL IS TIMELY AND APPROPRIATE

1. On May 1, 2007, a civil action was commenced against Defendants with the service of Plaintiff's Complaint for Damages ("Complaint") in *Insurance Company of the State of Pennsylvania v. EOD Technology, et al.*, Case No. CGC-07-460988 (Superior Court, San Francisco County, California) (hereinafter "State Court Action").

2. In its Complaint, Plaintiff alleges that on or about March 7, 2005, it was the workers' compensation insurance carrier for Science Applications International Corporation ("SAIC") pursuant to an insurance policy under which Plaintiff was obligated to insure SAIC for any liability for workers' compensation benefits imposed by the Longshore and Harbor Workers' Compensation Act ("LHWCA") and the Defense Base Act ("DBA") extension to the LHWCA. (Compl. ¶ 8.) Plaintiff further claims that on or about March 7, 2005, Joseph Dwyer was employed by SAIC in and around the city of Baghdad, Iraq, and that on or about that time, Defendants invited Joseph Dwyer to enter Defendants' premises located at or near the city of Baghdad to obtain certain business services. (*Id.* ¶¶ 10-11.) Plaintiff alleges that Defendants hired the services of subcontractors, Ali Falah Hanson and Doe 26, to provide security on Defendants' premises, and to carry rifles and/or other weapons while guarding and protecting

Defendants' premises. (*Id.* ¶ 12.) Plaintiff claims that on or about March 7, 2005, Ali Falah Hanson, an employee of Doe 26, acting under the control and supervision of Defendants, negligently, recklessly, carelessly and with wonton disregard, caused a firearm to be discharged, and in so doing, shot Joseph Dwyer, causing severe personal injuries. (*Id.* ¶ 15.)

3. Plaintiff further alleges that Joseph Dwyer's injuries were and are compensable under the LHWCA and DBA and that Plaintiff has become liable to provide, has provided, and continues to provide workers' compensation benefits to and on behalf of Joseph Dwyer pursuant to its insurance contract with SAIC. (*Id.* ¶ 17.) Plaintiff also claims that it will be subject to an award of workers' compensation by the Office of Workers' Compensation Programs and/or the Office of the Administrative Law Judges and will be required to provide additional payments for medical and disability benefits, together with other benefits required by the LHWCA. (*Id.* ¶ 18.)

4. Defendants are filing this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint, and thus removal is timely under 28 U.S.C. § 1446(b).

5. A true and correct copy of all process, pleadings, and orders in the State Court Action that have been served upon Defendants are attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

6. All properly served Defendants join in this removal. Therefore, removal of this case under diversity and federal question jurisdiction is timely and appropriate.

### III. PURSUANT TO 28 U.S.C. § 1332, REMOVAL IS PROPER ON DIVERSITY GROUNDS

7. This case is properly removed under 28 U.S.C. §§ 1332 and 1441, as this case falls within the Court's diversity jurisdiction.

8. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is wholly between citizens of different states and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Plaintiff Insurance Company of the State of Pennsylvania is incorporated in Pennsylvania with its principal place of business at 70 Pine Street, New York, NY 10270. *See*

Ex. 2. As such, Plaintiff Insurance Company of the State of Pennsylvania is a citizen of Pennsylvania and New York. *See* 28 U.S.C. § 1332(c)(1); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-92 (9th Cir. 1972) (holding that corporations incorporated in one state, and having their principal places of business in another, are citizens of both states).

10. Defendant EOD Technology, Inc. is a Delaware corporation with its principal place of business in Tennessee. As such, it is a citizen of Delaware and Tennessee.

11. Defendant EODT Security Services, Inc. is a Tennessee corporation with its principal place of business in Tennessee. As such, it is a citizen of Tennessee.

12. Defendant Ali Falah Hanson is a citizen of Iraq.

13. Accordingly, the matter is wholly between citizens of different states and in which citizens or subjects of a foreign state are additional parties, pursuant to 28 U.S.C. § 1332.[2]

14. Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs. Upon information and belief, the payments already made by Plaintiff in this matter equal or exceed $200,000.

15. Further, in its Complaint, Plaintiff alleges "damages in a sum no less than the value of all workers' compensation benefits paid to, and on behalf of, Joseph Dwyer." (Compl. 18.) Joseph Dwyer has filed a parallel negligence action in Alabama federal court against Defendants entitled *Joseph Dwyer v. EOD Technology, Inc.*, Civil Action No. 5:07-cv-0411-CLS (N.D. Ala., filed Mar. 7, 2007). Mr. Dwyer filed his action in federal court based on diversity jurisdiction, expressly alleging that the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000. *See* Dwyer Amended Complaint ¶ 1, attached hereto as Ex. 3. As such, Plaintiff's damages in this action, which are expressly based on Mr. Dwyer's damages, similarly exceed $75,000, exclusive of interest and costs.

---

[2] While Plaintiff has named Does 1 to 100, the citizenship of defendants sued under fictitious names shall be disregarded in determining whether there is complete diversity for removal purposes. *See* 28 U.S.C. § 1441(a). Nonetheless, the only Doe defendant for which there is some clue as to the identity is Doe 26, which is alleged to be Defendant Ali Falah Hanson's employer. *See* Compl. ¶ 12. As Ali Falah Hanson's employer is Al Hurea, an Iraqi company, such Doe defendant would not defeat diversity jurisdiction.

-4-                                  NOTICE OF REMOVAL

## IV. PURSUANT TO 28 U.S.C. § 1441, REMOVAL IS PROPER ON THE GROUNDS OF A FEDERAL QUESTION

16. Removal of this case is also proper pursuant to 28 U.S.C. §§ 1331 and 1441, as this case falls within the Court's federal question jurisdiction.

### A. Federal Question Removal Is Appropriate As The United States Exercised Exclusive Jurisdiction Over The Alleged Activities Within the Green Zone

17. Federal question jurisdiction is proper under 28 U.S.C. § 1441, as the alleged activities occurred at Defendants' facilities, located in the Green Zone in Baghdad, Iraq, over which this Court has exclusive and original jurisdiction under 28 U.S.C. § 1331. *See, e.g.,* Coalition Provisional Authority ("CPA") Order Number 17 (Revised) (signed on June 27, 2004 by L. Paul Bremer, U.S. Ambassador and CPA Administrator) (Section 9 – Facilities for the Multinational Force ("MNF"): "headquarters, camps or other premises [used by the MNF] shall be inviolable and subject to the exclusive control and authority of the MNF;" "The MNF shall retain control of the perimeter of the International Zone [or the Green Zone] . . . and all matters of security within the International Zone shall be subject to the control of the MNF;" Section 4 – Contractors: "Contractors shall be immune from Iraqi legal process with respect to acts performed by them pursuant to the terms and conditions of a Contract or any sub-contract thereto."); Transitional Administrative Law ("TAL"), Articles 26 and 59 (Mar. 8, 2004) (providing that all CPA Orders would remain in force until rescinded or amended by legislation, and the MNF would continue operating in Iraq under the provisions of United Nations Security Council Resolution 1511 and subsequent resolutions); United Nations Security Council Resolutions 1511 (2003) (authorizing the creation of the MNF) and 1546 (2004) (reaffirming the authorization for the MNF).

18. As this Court has original jurisdiction under 28 U.S.C. § 1331, this case is properly removed pursuant to 28 U.S.C. § 1441.

**B.     Plaintiff's Claims Inextricably Involve A Federal Question**

19.     Removal of this case is also proper pursuant to 28 U.S.C. § 1441, as this case arises under the Constitution, laws, and treaties of the United States and involves uniquely federal interests.

20.     While Plaintiff asserts only state law causes of action, its Complaint reveals that adjudication of the elements of those causes of action will require this Court to resolve substantial disputed questions of federal law.  The Supreme Court has recognized that even in cases where the causes of action asserted by a plaintiff are couched exclusively in state law terms, federal question jurisdiction exists if resolution of those state law causes of action depends on resolution of substantial predicate questions of federal law.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues"); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983).

21.     In this case, the resolution of Plaintiff's state law claims depends on the resolution of substantial predicate questions of federal law.  Indeed, numerous federal statutes and regulations are central to Plaintiff's claims, including the LHWCA and DBA (which provide a comprehensive scheme for compensation), the Defense Production Act of 1950, 50 App. U.S.C. §§ 2061, *et seq.* (which immunizes contractors from damages resulting from performance of mandated defense contracts); and the federal third-party insurance indemnity clause, Federal Acquisition Regulation ("FAR") 52.228-7, Insurance - Liability to Third Persons (Mar. 1996), codified at 48 C.F.R. § 52.228-7 (which provides government indemnity to contractors for damages arising out of the performance of military contracts).

22.     Additionally, Defendants' activities at issue were and are subject to comprehensive and specific federal requirements, including but not limited to U.S. military contract requirements, procedures, protocols, and directives.  Such comprehensive federal requirements reveal that federal, not state, law is at the heart of this action.

23. Removal to this Court is thus proper in that federal question jurisdiction exists under 28 U.S.C. §§ 1331 and 1441 and the Supremacy Clause of the U.S. Constitution, Article VI, Clause 2.

WHEREFORE, Defendants EOD Technology, Inc. and EODT Security Services, Inc. hereby remove this action to the United States District Court for the Northern District of California, San Francisco Division, and seek that the Superior Court of the State of California, County of San Francisco, proceed no further with respect to this action.

Dated: May 31, 2007

MCKENNA LONG & ALDRIDGE LLP

By: _____
Lisa L. Oberg
Sara M. Parker
Attorneys for Defendants
EOD Technology, Inc. and
EODT Security Services, Inc.