1   LISA L. OBERG (BAR NO. 120139)
    SARA M. PARKER (BAR NO. 238448)
2   MCKENNA LONG & ALDRIDGE LLP
    101 California Street
3   41st Floor
    San Francisco, CA 94111
4   *Telephone:* (415) 267-4000
    *Facsimile:* (415) 267-4198
5
    Attorneys for Defendants
6   EOT Technology, Inc., and
    EODT Security Services Inc.
7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN FRANCISCO DIVISION**

11

12  INSURANCE COMPANY OF THE          CASE No. C-07-2847 SI
    STATE OF PENNSYLVANIA,
13
                 Plaintiffs,
14                                     **AMENDED DECLARATION OF SARA M.**
                 v.                    **PARKER IN SUPPORT OF NOTICE OF**
15                                     **REMOVAL OF ACTION PURSUANT TO**
    EOD TECHNOLOGY, INC.; EODT         **28 U.S.C. §§ 1331, 1332, AND 1441.**
16  SECURITY SERVICES, INC.; ALI
    FALAH HANSON; and DOES 1 to 100,
17
                 Defendants.
18

19  I, Sara M. Parker, declare as follows:

20          1.      I am an attorney at the law firm of McKenna Long & Aldridge LLP, counsel for

21  EOD Technology, Inc. and EODT Security Services, Inc.

22          2.      The matters set forth in this declaration are personally known to me to be true and

23  correct, and if called as a witness, I could and would competently testify thereto. This declaration

24  is submitted in support of the Notice of Removal of Action by EOD Technology, Inc. and EODT

25  Security Services, Inc.

26          3.      Attached hereto as Exhibit 1 is a true and correct copy of all process, pleadings,

27  and orders served upon EOD Technology, Inc. and EODT Security Services, Inc. in the case

28

MCKENNA LONG &
 ALDRIDGE LLP          AMENDED DECLARATION OF SARA M. PARKER IN SUPPORT OF NOTICE OF
ATTORNEYS AT LAW       REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332 AND 1441 - C07-2847-SI
 SAN FRANCISCO
27247107 / 16600.3838                                                        SF:27247982.1

1  captioned *Insurance Company of the State of Pennsylvania v. EOD Technology, et al.*, Case No.

2  CGC-07-460988 (Superior Court, San Francisco County, California).

3      4.      Attached hereto as Exhibit 2 is a true and correct copy of a printout from the

4  California Secretary of State's website reflecting that The Insurance Company of the State of

5  Pennsylvania is incorporated in Pennsylvania and has its principal place of business at 70 Pine

6  Street, New York, New York.

7      5.      Attached hereto as Exhibit 3 is a true and correct copy of the Amended Complaint

8  in the case captioned *Joseph Dwyer v. EOD Technology, Inc.*, Civil Action No. 5:07-cv-0411-

9  CLS (N.D. Ala., filed Mar. 7, 2007).

10     I declare under penalty of perjury under the laws of the United States that the foregoing is

11 true and correct.  Executed in San Francisco, California on June 1, 2007.

12

13

14                                         _____

15                                              SARA M. PARKER

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

AMENDED DECLARATION OF SARA M. PARKER IN SUPPORT OF NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332 AND 1441 - C07-2847-SI

SF:27247982.1

# Exhibit 1

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EOD TECHNOLOGY, INC.; EODT SECURITY SERVICES, INC.; ALI
FALAH HANSON; and DOES 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* |
|---|---|
| San Francisco Superior Court<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | CGC-07-460980 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael W. Thomas (SBN 168348)
Laughlin, Falbo, Levy & Moresi LLP          (415) 781-6676          (415) 781-6823
255 California Street, Suite 600
San Francisco, CA 94111-4912

DATE: ~~March 3, 2007~~                        Gordon Park-Li          Clerk, by _____ P. NATT _____, Deputy
*(Fecha)*   MAR - 5 2007                                       *(Secretario)*                                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

SU~   ~NS
(CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EOD TECHNOLOGY, INC.; EODT SECURITY SERVICES, INC.; ALI
FALAH HANSON; and DOES 1 to 100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court.
400 McAllister Street
San Francisco, CA 94102-4514

CASE NUMBER
*(Número del Caso):* **-07-460980**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael W. Thomas (SBN 168348)                    (415) 781-6676          (415) 781-6823
Laughlin, Falbo, Levy & Moresi LLP
255 California Street, Suite 600
San Francisco, CA 94111-4912

DATE: ~March 3, 2007~    **Gordon Park-Li**    Clerk, by _____ P. NATT _____, Deputy
*(Fecha)*   **MAR - 5 2007**   *(Secretaria)*                                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date).*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions™
Ca Plus

Code of Civil Procedure §§ 412 20 465

CASE NUMBER: CGC-07-4**988  INSURANCE COMPANY OF **E STATE OF PENNSYLVAN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:    AUG-03-2007

TIME:    9:00AM

PLACE:   Department 212
         400 McAllister Street
         San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110
> no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order
> **without an appearance** at the case management conference if the case management
> statement is filed, served and lodged in Department 212
> twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
> CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
> JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
> SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
> PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
> (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

CASE NUMBER: CGC-07--0988  INSURANCE COMPANY OF THE STATE OF PENNSYLVAN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:    AUG-03-2007

TIME:    9:00AM

PLACE:    Department 212
400 McAllister Street
San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

1   LAUGHLIN, FALBO, LEVY & MORESI LLP
    Michael W. Thomas (CA State Bar No. 168348)
2   Robyn A. Leonard (CA State Bar No. 219525)
    255 California Street, Suite 600
3   San Francisco, CA 94111-4912
    Telephone: (415) 781-6676
4   Fax: (415) 781-6823

5   Attorneys for Defendants
    INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

6

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SAN FRANCISCO

9                  UNLIMITED CIVIL JURISDICTION

10

11  INSURANCE COMPANY OF THE STATE     )   Case No:
    OF PENNSYLVANIA,                   )
12                                     )   CGC-07-460980
               Plaintiff,             )
13                                    )   COMPLAINT FOR DAMAGES
          v.                          )
14                                    )   33 U.S.C. § 933
    EOD TECHNOLOGY, INC; EODT          )
15  SECURITY SERVICES, INC; ALI FALAH  )   CASE MANAGEMENT CONFERENCE SET
    HANSON; and DOES 1 to 100          )
16             Defendants.            )   AUG - 3 2007 - 9:00 AM
                                      )
17                                    )   DEPARTMENT 212

18      Plaintiff INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA alleges:

19          **I. First Cause of Action For General Negligence (33 U.S.C. § 933)**

20          1.    At all times relevant herein, plaintiff INSURANCE COMPANY OF THE STATE

21  OF PENNSYLVANIA was and is a corporation doing business under the laws of the state of

22  California, and was and is authorized to transact workers' compensation insurance business in the

23  state of California.

24          2.    At all times relevant herein, defendant EOD Technology, Inc. was and is a

25  Delaware corporation with its principal place of business in the state of Tennessee.

26          3.    At all times relevant herein, defendant EOD Security Services, Inc. was and is a

27  Tennessee corporation with its principal place of business in the state of Tennessee.

28          4.    At all times relevant herein, defendants EOD Technology, Inc., EOD Security

ENDORSED
F I L E D
San Francisco County Superior Court

MAR - 5 2007

GORDON PARK-LI, Clerk
BY: PARAMNATI
                Deputy Clerk

1  Services, Inc., and DOES 1 to 100, conducted business in the state of California pursuant to

2  contracts with various governmental and non-governmental entities.

3       5.     At all times relevant herein, defendant ALI FALAH HANSON was a citizen of

4  Iraq.

5       6.     The true names and capacities, whether individual, corporate, associate or

6  otherwise of defendants, DOES 1 to 100, inclusive, and each of them, are unknown at this time to

7  plaintiff, who therefore sues said defendants, and each of them, by such fictitious names.  Plaintiff

8  will seek leave of court to amend this Complaint to show the true names and capacities of said

9  fictitious defendants, and each of them, when they have been ascertained. Plaintiff is informed and

10 believes, and thereon alleges, that each of the DOE defendants is, in some manner, responsible for

11 the events and happenings herein set forth and proximately caused personal injuries to JOSEPH

12 DWYER, and proximately caused damages to plaintiff as herein alleged. The allegations of this

13 complaint stated on information and belief are likely to have evidentiary support after a reasonable

14 opportunity for further investigation or discovery.

15      7.     At all times mentioned herein, defendants, and each of them, were the agents or

16 employees of each other, and were acting within the course and scope of said agency or

17 employment with the permission and consent of the co-defendants, and each of them.

18      8.     On or about March 7, 2005, plaintiff INSURANCE COMPANY OF THE STATE

19 OF PENNSYLVANIA was the workers' compensation insurance carrier for Science Applications

20 International Corporation (hereinafter "SAIC") pursuant to a policy of workers' compensation

21 insurance under which plaintiff was obligated to insure SAIC against any liability for workers'

22 compensation benefits imposed upon it by the Longshore and Harbor Workers' Compensation Act

23 and the Defense Base Act Extension to the Longshore and Harbor Workers' Compensation Act.

24 33 U.S.C. § 901, *et. seq.*; 42 U.S.C. § 1651, *et. seq.*

25      9.     At all times relevant herein, SAIC was a Delaware corporation with its principal

26 place of business in California.

27      10.    On or about March 7, 2005, JOSEPH DWYER was employed by SAIC to perform

28 services for SAIC in and around the city of Baghdad, in the country of Iraq.

1    11.    Plaintiff is informed and believes that on or about March 7, 2005, defendants EOD
2    Technology, Inc., EOD Security Services, Inc., and DOES 1 to 25, owned, possessed, controlled
3    and/or leased facilities located in or near the city of Baghdad, in the country of Iraq, and that said
4    defendants, and each of them, agreed to perform certain business services for SAIC, and did invite
5    certain employees of SAIC, including JOSEPH DWYER, to enter on the premises of said
6    defendants to obtain said services.

7    12.    Plaintiff is informed and believes that on or about March 7, 2005,  defendants
8    EOD Technology, Inc., EOD Security Services, Inc., and DOES 1 to 25, contracted to hire, and
9    did hire the services of subcontractors, ALI FALAH HANSON and DOE 26, for the purpose of
10   providing security on the premises of defendants EOD Technology, Inc., EOD Security Services,
11   Inc., and DOES 1 to 25, located at or near the city of Baghdad, in the country of Iraq. Defendants
12   EOD Technology, Inc., EOD Security Services, Inc., and DOES 1 to 25 specifically required that
13   individuals in the employ of DOE 26 carry rifles and/or other weapons, including automatic
14   and/or semi-automatic rapid-firing weapons, while patrolling, guarding, protecting and inspecting
15   defendants' premises, and further required that individuals in the employ of subcontractor DOE
16   26 carry and use said weapons on defendants' premises while business invitees, such as JOSEPH
17   DWYER, were present on said premises, and further required that said business invitees, such as
18   JOSEPH DWYER, be exposed to the hazards of said rifles and/or other weapons, including
19   automatic and/or semi-automatic rapid-firing weapons used by individuals in the employ of
20   subcontractor DOE 26.

21   13.    Plaintiff is informed and believes and thereon alleges that defendants EOD
22   Technology, Inc., EOD Security Services, Inc., and DOES 1 to 25, and each of them, supervised,
23   directed and retained the right of control over ALI FALAH HANSON and DOE 26 and over the
24   individuals employed by DOE 26.

25   14.    On or about March 7, 2005 Defendants, and each of them, had a duty of ordinary
26   care to protect JOSEPH DWYER from foreseeable dangerous and hazardous conditions which
27   defendants, and each of them, knew or should have know existed on the premises of EOD
28   Technology, Inc., EOD Security Services, Inc., and DOES 1 to 25,, including the use or misuse of

- 3 -

1  firearms by persons on said premises, and to warn JOSEPH DWYER of said dangerous and

2  hazardous conditions.

3      15.    On or about March 7, 2005, ALI FALAH HANSON, an employee of DOE 26,

4  and acting under the control and supervision of defendants EOD Technology, Inc., EOD Security

5  Services, Inc. and DOES 1 to 25, and each of them, did negligently, recklessly, carelessly and with

6  wonton disregard for the safety of JOSEPH DWYER, cause a firearm to be discharged, and in so

7  doing, shot JOSEPH DWYER, causing a bullet to enter and exit JOSEPH DWYER'S body, and

8  causing severe personal injuries to JOSEPH DWYER.

9      16.    The injuries sustained by JOSEPH DWYER as described herein occurred while

10  JOSEPH DWYER was acting in the course and scope of his employment for SAIC, and were the

11  direct and proximate result of the negligent acts of EOD Technology, Inc., EOD Security

12  Services, Inc., and DOES 1 to 25.

13      17.    The injuries sustained by JOSEPH DWYER on or about March 7, 2005 were and

14  are compensable under the Longshore and Harbor Workers' Compensation Act, and the Defense

15  Base Act extension of the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 901,

16  *et. seq.;* 42 U.S.C. § 1651, *et. seq.* As such, as a direct and proximate result of the negligent acts

17  of defendants herein, and each of them, plaintiff INSURANCE COMPANY OF THE STATE OF

18  PENNSYLVANIA has become liable to provide, has provided, and continues to become liable to

19  provide workers' compensation benefits to and on behalf of JOSEPH DWYER pursuant to the

20  contract of insurance existing between INSURANCE COMPANY OF THE STATE OF

21  PENNSYLVANIA and SAIC on or about March 7, 2005, in an amount according to proof.

22      18.    Plaintiff is informed and believes, and based upon that information and

23  belief alleges that it will be subject to an award of workers' compensation by the Office of

24  Workers' Compensation Programs and/or the Office of Administrative Law Judges and will be

25  required to provide further sums for medical and disability compensation benefits, together with

26  other benefits required by the Longshore and Harbor Workers' Compensation Act, all as a direct

27  and proximate result of the negligence and carelessness of defendants herein, in an amount

28  according to proof.

- 4 -

1    **II. Second Cause Of Action For Negligence (33 U.S.C. § 933)**

2        19.    Plaintiff refers to, realleges and incorporates as if fully set forth herein the

3    allegations set forth in Paragraphs 1 through 18 herein.

4        20.    Plaintiff is informed and believes and thereon alleges that on or about March 7,

5    2005, defendants EOD Technology, Inc., and DOES 1 to 25, contracted to hire, and did hire EOD

6    Security Services, Inc., for the purpose of providing security on the premises of defendants EOD

7    Technology, Inc., EOD Security Services, Inc., and DOES 1 to 25, located at or near the city of

8    Baghdad, in the country of Iraq; or alternatively, that EOD Security Services, Inc. provided said

9    security services for itself. Defendants EOD Technology, Inc., and/or EOD Security Services, Inc.,

10    specifically required that individuals in the employ of EOD Security Services, Inc. carry rifles

11    and/or other weapons, including automatic and/or semi-automatic rapid-firing weapons, while

12    patrolling, guarding, protecting and inspecting defendants' premises located in or near the city of

13    Baghdad, in the country of Iraq, and further required that individuals in the employ of EOD

14    Security Services, Inc. carry and use said weapons on defendants' premises while business

15    invitees, such as JOSEPH DWYER, were present on said premises, and further required that said

16    business invitees, such as JOSEPH DWYER, be exposed to the hazards of the use or misuse of

17    said rifles and/or other weapons, including automatic and/or semi-automatic rapid-firing weapons

18    used by individuals in the employ of EOD Security Services, Inc.

19        21.    Plaintiff is informed and believes that defendants EOD Technology, Inc., and

20    DOES 1 to 25, and each of them, supervised, directed and retained the right of control over EOD

21    Security Services, Inc. and over the individuals employed by EOD Security Services, Inc.

22        22.    Defendants EOD Technology, Inc., EOD Security Services, Inc. and DOES 1 to

23    25, and each of them, had a duty of ordinary care to protect JOSEPH DWYER from foreseeable

24    dangerous and hazardous conditions which defendants, and each of them, knew or should have

25    known existed on the premises of EOD Technology, Inc., EOD Security Services, Inc., and

26    DOES 1 to 25, on or about March 7, 2005, including the use or misuse of firearms by persons on

27    said premises, and to warn JOSEPH DWYER of said dangerous and hazardous conditions.

28        23.    Plaintiff is informed and believes and thereon alleges that on or about March 7,

- 5 -

1  2005, an individual employed by EOD Technology, Inc., and/or EOD Security Services, Inc and

2  acting under the control and supervision of defendants EOD Technology, Inc., EOD Security

3  Services, Inc. and DOES 1 to 25, and each of them, did negligently, recklessly, carelessly and with

4  wonton disregard for the safety of JOSEPH DWYER, cause a firearm to be discharged, and in so

5  doing, shot JOSEPH DWYER, causing a bullet to enter and exit JOSEPH DWYER'S body, and

6  causing severe personal injuries to JOSEPH DWYER.

7       24.    The injuries sustained by JOSEPH DWYER as described herein occurred while

8  JOSEPH DWYER was acting in the course and scope of his employment for SAIC, and were the

9  direct and proximate result of the negligent acts of EOD Technology, Inc., EOD Security

10  Services, Inc., and DOES 1 to 25.

11       25.    The injuries sustained by JOSEPH DWYER on or about March 7, 2005 were and

12  are compensable under the Longshore and Harbor Workers' Compensation Act, and the Defense

13  Base Act extension of the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 901,

14  *et. seq.; 42* U.S.C. § 1651, *et. seq.* As such, as a direct and proximate result of the negligent acts

15  of defendants herein, and each of them, plaintiff INSURANCE COMPANY OF THE STATE OF

16  PENNSYLVANIA has become liable to provide, has provided, and continues to become liable to

17  provide workers' compensation benefits to and on behalf of JOSEPH DWYER pursuant to the

18  contract of insurance existing between INSURANCE COMPANY OF THE STATE OF

19  PENNSYLVANIA and SAIC on or about March 7, 2005, in an amount according to proof.

20       26.    Plaintiff is informed and believes, and based upon that information and

21  belief alleges that it will be subject to an award of workers' compensation by the Office of

22  Workers' Compensation Programs and/or the Office of Administrative Law Judges and will be

23  required to provide further sums for medical and disability compensation benefits, together with

24  other benefits required by the Longshore and Harbor Workers' Compensation Act, all as a direct

25  and proximate result of the negligence and carelessness of defendants herein, in an amount

26  according to proof.

27             **III. Third Cause of Action For Negligence (Peculiar Risk)**

28       27.    Plaintiff refers to, realleges and incorporates as if fully set forth herein the

- 6 -

1    allegations set forth in Paragraphs 1 through 26 contained herein.

2        28.    At all times relevant herein, defendants EOD Technology, Inc., EOD Security

3    Services, Inc., and DOES 1 to 25, owned, operated, occupied, leased, used, maintained,

4    controlled, managed, directed, superintended, operated or had the right to perform those functions

5    at the premises of EOD Technology, Inc. and/or EOD Security Services, Inc. located in or near the

6    city of Baghdad, in the country of Iraq.

7        29.    At all times relevant herein,  defendants EOD Technology, Inc., EOD Security

8    Services, Inc., and DOES 1 to 25, and each of them, hired subcontractors ALI FALAH HANSON

9    and DOE 26 to perform security services at said premises, and required employees of DOE 26 to

10   carry  rifles and/or other weapons, including automatic and/or semi-automatic rapid-firing

11   weapons, while patrolling, guarding, protecting and inspecting defendants' premises, and further

12   required that individuals in the employ of DOE 26 carry and use said weapons on defendants'

13   premises while business invitees, such as JOSEPH DWYER, were present on said premises, and

14   further required that said business invitees, such as JOSEPH DWYER, be exposed to the hazards

15   of said rifles and/or other weapons, including automatic and/or semi-automatic rapid-firing

16   weapons used by individuals in the employ of DOE 26. Defendants EOD Technology, Inc., EOD

17   Security Services, Inc., and DOES 1 to 25, and each of them, knew or should have known that the

18   work being or to be performed by DOE 26 and its employees, including but not limited to the use

19   or misuse of rifles and/or other weapons, including automatic and/or semi-automatic rapid-firing

20   weapons, was likely to create during its progress a peculiar or a special unreasonable risk of

21   physical harm to others, including JOSEPH DWYER, unless special precautions were taken.

22   Given the nature of the work performed by defendants' subcontractor, DOE 26, the place where

23   the work was to be performed, and the risks associated with that work, defendants EOD

24   Technology, Inc., EOD Security Services, Inc., and DOES 1 to 25, knew or should have known of

25   the special risks and necessary precautions, and failed to ensure the necessary precautions..

26       30.    At no time herein was JOSEPH DWYER an employee of EOD Technology, Inc.,

27   EOD Security Services, Inc., or DOES 1 to 26.

28       31.    On or about March 7, 2005, JOSEPH DWYER was on the aforementioned

- 7 -

1   premises of defendants EOD Technology, Inc., EOD Security Services, Inc., and DOES 1-25, and

2   each of them, with the permission and at the direction of said defendants as a business invitee.

3        32.    Plaintiff is informed and believes and thereon alleges that on or about March 7,

4   2005, ALI FALAH HANSON, an employee of defendants' subcontractor DOE 26, and acting

5   under the control and supervision of defendants EOD Technology, Inc., EOD Security Services,

6   Inc. and DOES 1 to 25, and each of them, did negligently, recklessly, carelessly and with wonton

7   disregard for the safety of JOSEPH DWYER, cause a firearm to be discharged, and in so doing,

8   shot JOSEPH DWYER, causing a bullet to enter and exit JOSEPH DWYER'S body, and causing

9   severe personal injuries to JOSEPH DWYER.

10       33.    At the aforementioned time and place, defendants EOD Technology, Inc., EOD

11   Security Services, Inc. and DOES 1 to 25, and each of them, are legally responsible for the

12   injuries sustained by JOSEPH DWYER in that said defendants, and each of them, failed to

13   provide in the contract with DOE 26, or to otherwise so provide, that special precautions be taken,

14   nor were special precautions taken by defendants, and each of them, nor were special precautions

15   taken by the hired subcontractor DOE 26 or its employee ALI FALAH HANSON, and said

16   defendants, and each of them, did negligently own, occupy, lease, construct, control, use,

17   maintain, manage, superintend, direct, limit, regulated, possess, and/or operate the site, all of

18   which caused JOSEPH DWYER to suffer serious personal injuries.

19       34.    The injuries sustained by JOSEPH DWYER as described herein occurred while

20   JOSEPH DWYER was acting in the course and scope of his employment for SAIC, and were the

21   direct and proximate result of the negligent acts of EOD Technology, Inc., EOD Security

22   Services, Inc., and DOES 1 to 25..

23       35.    The injuries sustained by JOSEPH DWYER on or about March 7, 2005 were and

24   are compensable under the Longshore and Harbor Workers' Compensation Act, and the Defense

25   Base Act extension of the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 901,

26   *et. seq.;* 42 U.S.C. § 1651, *et. seq.* As such, as a direct and proximate result of the negligent acts

27   of defendants herein, and each of them, plaintiff INSURANCE COMPANY OF THE STATE OF

28   PENNSYLVANIA has become liable to provide, has provided, and continues to become liable to

- 8 -

1   provide workers' compensation benefits to and on behalf of JOSEPH DWYER pursuant to the

2   contract of insurance existing between INSURANCE COMPANY OF THE STATE OF

3   PENNSYLVANIA and SAIC on or about March 7, 2005, in an amount according to proof.

4       36.    Plaintiff is informed and believes, and based upon that information and

5   belief alleges that it will be subject to an award of workers' compensation by the Office of

6   Workers' Compensation Programs and/or the Office of Administrative Law Judges and will be

7   required to provide further sums for medical and disability compensation benefits, together with

8   other benefits required by the Longshore and Harbor Workers' Compensation Act, all as a direct

9   and proximate result of the negligence and carelessness of defendants herein, in an amount

10  according to proof.

11          **IV. Fourth Cause of Action For Negligence (Peculiar Risk)**

12      37.    Plaintiff refers to, realleges and incorporates as if fully set forth herein the

13  allegations set forth in Paragraphs 1 through 36 contained herein.

14      38.    At all times relevant herein, defendants EOD Technology, Inc., EOD Security

15  Services, Inc., and DOES 1 to 25, owned, operated, occupied, leased, used, maintained,

16  controlled, managed, directed, superintended, operated or had the right to perform those functions

17  at the premises of EOD Technology, Inc. and/or EOD Security Services, Inc. located in or near the

18  city of Baghdad, in the country of Iraq.

19      39.    Plaintiff is informed and believes and thereon alleges that t all times relevant

20  herein, defendants EOD Technology, Inc., and DOES 1 to 25, and each of them, hired

21  subcontractor EOD Security Services, Inc. to perform security services at said premises, and

22  required employees of EOD Security Services, Inc. to carry rifles and/or other weapons, including

23  automatic and/or semi-automatic rapid-firing weapons, while patrolling, guarding, protecting and

24  inspecting defendants' premises, and further required that individuals in the employ of EOD

25  Security Services, Inc. carry and use said weapons on defendants' premises while business

26  invitees, such as JOSEPH DWYER, were present on said premises, and further required that said

27  business invitees, such as JOSEPH DWYER, be exposed to the hazards of the use or misuse of

28  said rifles and/or other weapons, including automatic and/or semi-automatic rapid-firing weapons

- 9 -

1  used by individuals in the employ of EOD Security Services, Inc. Defendants EOD Technology,

2  Inc. and DOES 1-25, and each of them, knew or should have known that the work being or to be

3  performed by EOD Security Services, Inc. and its employees, including but not limited to the use

4  or misuse of rifles and/or other weapons, including automatic and/or semi-automatic rapid-firing

5  weapons, was likely to create during its progress a peculiar or a special unreasonable risk of

6  physical harm to others, including JOSEPH DWYER, unless special precautions were taken.

7  Given the nature of the work performed by defendants' subcontractor, EOD Security Services,

8  Inc., the place where the work was to be performed, and the risks associated with that work,

9  Defendants EOD Technology, Inc.,and DOES 1 to 25, knew or should have known of the special

10  risks and necessary precautions.

11          40.      At no time herein was JOSEPH DWYER an employee of EOD Technology, Inc.,

12  EOD Security Services, Inc., or DOES 1-26.

13          41.      On or about March 7, 2005, JOSEPH DWYER was on the aforementioned

14  premises of defendants Defendants EOD Technology, Inc., EOD Security Services, Inc., and

15  DOES 1 to 25, and each of them, with the permission and at the direction of said defendants as a

16  business invitee.

17          42.      Plaintiff is informed and believes and thereon alleges that on or about March 7,

18  2005, an individual employed by defendants' subcontractor EOD Security Services, Inc., and

19  acting under the control and supervision of defendants EOD Technology, Inc., DOES 1 to 25, and

20  each of them, did negligently, recklessly, carelessly and with wonton disregard for the safety of

21  JOSEPH DWYER, cause a firearm to be discharged, and in so doing, shot JOSEPH DWYER,

22  causing a bullet to enter and exit JOSEPH DWYER'S body, and causing severe personal injuries

23  to JOSEPH DWYER.

24          43.      Plaintiff is informed and believes and thereon alleges that at the aforementioned

25  time and place, defendants EOD Technology, Inc. and DOES 1 to 25, and each of them, are

26  legally responsible for the injuries sustained by JOSEPH DWYER in that said defendants, and

27  each of them, failed to provide in the contract with EOD Security Services, Inc., or to otherwise so

28  provide, that special precautions be taken, nor were special precautions taken by defendants, and

- 10 -

1  each of them, nor were special precautions taken by the hired subcontractor EOD Security

2  Services, Inc, and said defendants, and each of them, did negligently own, occupy, lease,

3  construct, control, use, maintain, manage, superintend, direct, limit, regulated, possess, and/or

4  operate the site, all of which caused JOSEPH DWYER to suffer serious personal injuries.

5      44.    The injuries sustained by JOSEPH DWYER as described herein occurred while

6  JOSEPH DWYER was acting in the course and scope of his employment for SAIC, and were the

7  direct and proximate result of the negligent acts of EOD Technology, Inc., EOD Security

8  Services, Inc., and DOES 1 to 25.

9      45.    The injuries sustained by JOSEPH DWYER on or about March 7, 2005 were and

10  are compensable under the Longshore and Harbor Workers' Compensation Act, and the Defense

11  Base Act extension of the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 901,

12  *et. seq.;* 42 U.S.C. § 1651, *et. seq.* As such, as a direct and proximate result of the negligent acts

13  of defendants herein, and each of them, plaintiff INSURANCE COMPANY OF THE STATE OF

14  PENNSYLVANIA has become liable to provide, has provided, and continues to become liable to

15  provide workers' compensation benefits to and on behalf of JOSEPH DWYER pursuant to the

16  contract of insurance existing between INSURANCE COMPANY OF THE STATE OF

17  PENNSYLVANIA and SAIC on or about March 7, 2005, in an amount according to proof.

18      46.    Plaintiff is informed and believes, and based upon that information and

19  belief alleges that it will be subject to an award of workers' compensation by the Office of

20  Workers' Compensation Programs and/or the Office of Administrative Law Judges and will be

21  required to provide further sums for medical and disability compensation benefits, together with

22  other benefits required by the Longshore and Harbor Workers' Compensation Act, all as a direct

23  and proximate result of the negligence and carelessness of defendants herein, in an amount

24  according to proof.

25      **V. Fifth Cause of Action For Negligence (Negligent Selection of Contractor)**

26      47.    Plaintiff refers to, realleges and incorporates as if fully set forth herein the

27  allegations set forth in Paragraphs 1 through 46 contained herein.

28      48.    At all times relevant herein, defendants EOD Technology, Inc., EOD Security

- 11 -

1  Services, Inc., and DOES 1-50, and each of them, retained ALI FALAH HANSON and DOE 26

2  as independent contractors to perform work which involves a risk of physical harm unless it is

3  performed skillfully and carefully. Defendants EOD Technology, Inc., EOD Security Services,

4  Inc., and DOES 1-50, and each of them, had a duty to exercise ordinary care in the selection of

5  said subcontractor, and specifically, had a duty to third persons, such as JOSEPH DWYER, to

6  exercise ordinary care in the selection of said subcontractor.

7       49.     At all times relevant herein, defendants EOD Technology, Inc., EOD Security

8  Services, Inc., and DOES 1-50, and each of them, negligently failed to exercise reasonable care in

9  employing defendant subcontractors ALI FALAH HANSON and DOE 26, in that defendants, and

10  each of them, negligently failed to determine whether defendant subcontractors ALI FALAH

11  HANSON and DOE 26, and said subcontractors' employees, had the skill, experience and

12  equipment necessary to perform the work required under the contract. In fact, defendants ALI

13  FALAH HANSON subcontractor DOE 26, and its employees, lacked the skill, experience, or

14  adequate equipment to perform the work contemplated when ALI FALAH HANSON and DOE

15  26 were hired by defendants EOD Technology, Inc., EOD Security Services, Inc., and DOES 1-

16  50. As a direct and proximate result of the negligence of defendants EOD Technology, Inc., EOD

17  Security Services, Inc., and DOES 1-50, JOSEPH DWYER sustained severe personal injuries as

18  hereinafter alleged.

19       50.     Plaintiff is informed and believes and thereon alleges that on or about March 7,

20  2005, ALI FALAH HANSON and employee of defendants' subcontractor DOE 26, and acting

21  under the control and supervision of defendants EOD Technology, Inc., EOD Security Services,

22  Inc. and DOES 1 to 50, and each of them, did negligently, recklessly, carelessly and with wonton

23  disregard for the safety of JOSEPH DWYER, cause a firearm to be discharged, and in so doing,

24  shot JOSEPH DWYER, causing a bullet to enter and exit JOSEPH DWYER'S body, and causing

25  severe personal injuries to JOSEPH DWYER.

26       51.     The injuries sustained by JOSEPH DWYER as described herein occurred while

27  JOSEPH DWYER was acting in the course and scope of his employment for SAIC, and were the

28  direct and proximate result of the negligent acts of EOD Technology, Inc., EOD Security

- 12 -

1  Services, Inc., and DOES 1 to 50.

2       52.    The injuries sustained by JOSEPH DWYER on or about March 7, 2005 were and

3  are compensable under the Longshore and Harbor Workers' Compensation Act, and the Defense

4  Base Act extension of the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 901,

5  et. seq.; 42 U.S.C. § 1651, et. seq. As such, as a direct and proximate result of the negligent acts

6  of defendants herein, and each of them, plaintiff INSURANCE COMPANY OF THE STATE OF

7  PENNSYLVANIA has become liable to provide, has provided, and continues to become liable to

8  provide workers' compensation benefits to and on behalf of JOSEPH DWYER pursuant to the

9  contract of insurance existing between INSURANCE COMPANY OF THE STATE OF

10  PENNSYLVANIA and SAIC on or about March 7, 2005, in an amount according to proof.

11      53.    Plaintiff is informed and believes, and based upon that information and

12  belief alleges that it will be subject to an award of workers' compensation by the Office of

13  Workers' Compensation Programs and/or the Office of Administrative Law Judges and will be

14  required to provide further sums for medical and disability compensation benefits, together with

15  other benefits required by the Longshore and Harbor Workers' Compensation Act, all as a direct

16  and proximate result of the negligence and carelessness of defendants herein, in an amount

17  according to proof.

18      **VI. Sixth Cause of Action For Negligence (Negligent Selection of Contractor)**

19      54.    Plaintiff refers to, realleges and incorporates as if fully set forth herein the

20  allegations set forth in Paragraphs 1 through 53 herein.

21      55.    Plaintiff is informed and believes and thereon alleges that at all times relevant

22  herein, defendants  EOD Technology, Inc., and DOES 1-50, and each of them, retained  EOD

23  Security Services, Inc., as an independent contractor to perform work which involves a risk of

24  physical harm unless it is performed skillfully and carefully. Defendants EOD Technology, Inc.,

25  DOES 1-50, and each of them, had a duty to exercise ordinary care in the selection of said

26  subcontractor, and specifically, had a duty to third persons, such as JOSEPH DWYER, to exercise

27  ordinary care in the selection of said subcontractor.

28      56.    At all times relevant herein, defendants EOD Technology, Inc., and DOES 1-50,

- 13 -

1   and each of them, negligently failed to exercise reasonable care in employing defendant

2   subcontractor EOD Security Services, Inc., in that defendants, and each of them, negligently

3   failed to determine whether defendant subcontractor EOD Security Services, Inc., and said

4   subcontractors' employees, had the skill, experience and equipment necessary to perform the work

5   required under the contract. In fact, defendant subcontractor EOD Security Services, Inc., and its

6   employees, lacked the skill, experience, or adequate equipment to perform the work contemplated

7   when EOD Security Services, Inc. was hired by defendants EOD Technology, Inc., EOD Security

8   Services, Inc., and DOES 1-50. As a direct and proximate result of the negligence of defendants

9   EOD Technology, Inc. and DOES 31-50, JOSEPH DWYER sustained severe personal injuries as

10  hereinafter alleged.

11      57.    Plaintiff is informed and believes and thereon alleges that on or about March 7,

12  2005, an individual employed by defendants' subcontractor EOD Security Services, Inc., and

13  acting under the control and supervision of defendants EOD Technology, Inc. and DOES 1 to 50,

14  and each of them, did negligently, recklessly, carelessly and with wonton disregard for the safety

15  of JOSEPH DWYER, cause a firearm to be discharged, and in so doing, shot JOSEPH DWYER,

16  causing a bullet to enter and exit JOSEPH DWYER'S body, and causing severe personal injuries

17  to JOSEPH DWYER.

18      58.    The injuries sustained by JOSEPH DWYER as described herein occurred while

19  JOSEPH DWYER was acting in the course and scope of his employment for SAIC, and were the

20  direct and proximate result of the negligent acts of EOD Technology, Inc., EOD Security

21  Services, Inc., and DOES 1 to 50.

22      59.    The injuries sustained by JOSEPH DWYER on or about March 7, 2005 were and

23  are compensable under the Longshore and Harbor Workers' Compensation Act, and the Defense

24  Base Act extension of the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 901,

25  et. seq.; 42 U.S.C. § 1651, et. seq. As such, as a direct and proximate result of the negligent acts

26  of defendants herein, and each of them, plaintiff INSURANCE COMPANY OF THE STATE OF

27  PENNSYLVANIA has become liable to provide, has provided, and continues to become liable to

28  provide workers' compensation benefits to and on behalf of JOSEPH DWYER pursuant to the

- 14 -

1  contract of insurance existing between INSURANCE COMPANY OF THE STATE OF

2  PENNSYLVANIA and SAIC on or about March 7, 2005, in an amount according to proof.

3      60.    Plaintiff is informed and believes, and based upon that information and

4  belief alleges that it will be subject to an award of workers' compensation by the Office of

5  Workers' Compensation Programs and/or the Office of Administrative Law Judges and will be

6  required to provide further sums for medical and disability compensation benefits, together with

7  other benefits required by the Longshore and Harbor Workers' Compensation Act, all as a direct

8  and proximate result of the negligence and carelessness of defendants herein, in an amount

9  according to proof.

10             **VII. Seventh Cause of Action For Premises Liability**

11     61    Plaintiff refers to, realleges and incorporates as if fully set forth herein the

12 allegations set forth in Paragraphs 1 through 60 herein.

13     62.    At all times relevant herein, defendants EOD Technology, Inc., EOD Security

14 Services, Inc., and DOES 51 to 100, owned, operated, maintained or failed to maintain, inspected

15 or failed to inspect, leased, and controlled a certain premises which served as the business place of

16 defendants EOD Technology, Inc., EOD Security Services, Inc., and DOES 51 to 100, located in

17 or near the city of Baghdad, in the country of Iraq.

18     63.    On or about March 7, 2005, JOSEPH DWYER was lawfully upon the

19 aforementioned premises located in or near the city of Baghdad, Iraq, for the purpose of

20 transacting business with defendants, and each of them.

21     64.    Defendants, and each of them, had a non-delegable duty of ordinary care in the use,

22 maintenance, management, and control of said premises to avoid exposing persons, such as

23 JOSEPH DWYER, to an unreasonable risk of harm. Moreover, as an owner or possessor of said

24 premises who held said premises out to the public for a business purpose, defendants, and each of

25 them, had a duty to persons on said premises for that purpose, such as JOSEPH DWYER, to

26 protect them from harm caused by the acts of third persons, where such harm was reasonably

27 foreseeable.

28     65.    Plaintiff is informed and believes and thereon alleges that on or about March 7,

- 15 -

1   2005, defendants EOD Technology, Inc., EOD Security Services, Inc., and DOES 51 to 100

2   negligently, carelessly, and recklessly maintained, controlled, managed, operated, leased, and used

3   the aforementioned premises so as to fail to protect JOSEPH DWYER from being shot by

4   defendants' employee or subcontractor. Defendants, and each of them, retained control over said

5   subcontractor and failed to ensure that said subcontractor had the necessary skills and training,

6   took the necessary precautions and had the necessary equipment, including, but not limited to gun

7   safety locks, to prevent the foreseeable harm that would result to persons on said premises by the

8   accidental discharge of firearms used on said premises. Defendants and each of them, knew or

9   should have known that a serious risk of harm to persons on the aforementioned premises existed

10  due to the use of firearms on said premises at defendants' direction, and said defendants failed to

11  take the necessary precautions to prevent such harm to JOSEPH DWYER as hereinafter alleged.

12      66.     Plaintiff is informed and believes and thereon alleges that on or about March 7,

13  2005, an individual employed by defendants' employee or subcontractor and acting under the

14  control and supervision of defendants EOD Technology, Inc., EOD Security Services, Inc., and

15  DOES 51 to 100, and each of them, did negligently, recklessly, carelessly and with wonton

16  disregard for the safety of JOSEPH DWYER, cause a firearm to be discharged, and in so doing,

17  shot JOSEPH DWYER, causing a bullet to enter and exit JOSEPH DWYER'S body, and causing

18  severe personal injuries to JOSEPH DWYER.

19      67.     The injuries sustained by JOSEPH DWYER as described herein occurred while

20  JOSEPH DWYER was acting in the course and scope of his employment for SAIC, and were the

21  direct and proximate result of the negligent acts of EOD Technology, Inc., EOD Security

22  Services, Inc., and DOES 51-100.

23      68.     The injuries sustained by JOSEPH DWYER on or about March 7, 2005 were and

24  are compensable under the Longshore and Harbor Workers' Compensation Act, and the Defense

25  Base Act extension of the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 901,

26  *et. seq.;* 42 U.S.C. § 1651, *et. seq.* As such, as a direct and proximate result of the negligent acts

27  of defendants herein, and each of them, plaintiff INSURANCE COMPANY OF THE STATE OF

28  PENNSYLVANIA has become liable to provide, has provided, and continues to become liable to

- 16 -

1   provide workers' compensation benefits to and on behalf of JOSEPH DWYER pursuant to the

2   contract of insurance existing between INSURANCE COMPANY OF THE STATE OF

3   PENNSYLVANIA and SAIC on or about March 7, 2005, in an amount according to proof.

4         69.     Plaintiff is informed and believes, and based upon that information and

5   belief alleges that it will be subject to an award of workers' compensation by the Office of

6   Workers' Compensation Programs and/or the Office of Administrative Law Judges and will be

7   required to provide further sums for medical and disability compensation benefits, together with

8   other benefits required by the Longshore and Harbor Workers' Compensation Act, all as a direct

9   and proximate result of the negligence and carelessness of defendants herein, in an amount

10   according to proof.

11   **VIII.**        **Eighth Cause of Action For General Negligence (33 U.S.C. § 933- Against ALI FALAH HANSON DOE and 26)**

12         70.    Plaintiff refers to, realleges and incorporates as if fully set forth herein the

13   allegations set forth in Paragraphs 1 through 69 herein.

14         71.     At all times relevant herein, ALI FALAH HANSON and DOE 26 contractors

15   hired to provide security services at the premises of EOD Technologies, Inc., EODT Security

16   Services, Inc., and DOES 1 to 25, and said security services included the use of rifles and/or other

17   weapons, including automatic and/or semi-automatic rapid-firing weapons, which was likely to

18   create during the performance of such security services an unreasonable risk of physical harm to

19   others, including JOSEPH DWYER, unless special precautions were taken.

20         72.     Defendants ALI FALAH HANSON and DOE 26 had a duty of ordinary care to

21   persons such as JOSEPH DWYER in the performance of its security duties, including the use of

22   rifles and/or other weapons, including automatic and/or semi-automatic rapid-firing weapons.

23         73.     Plaintiff is informed and believes and thereon alleges that on or about March 7,

24   2005, ALI FALAH HANSON and/or DOE 26 did negligently, recklessly, carelessly and with

25   wonton disregard for the safety of JOSEPH DWYER, cause a firearm to be discharged, and in so

26   doing, shot JOSEPH DWYER, causing a bullet to enter and exit JOSEPH DWYER'S body, and

27   causing severe personal injuries to JOSEPH DWYER. In so doing, defendants ALI FALAH

28

1   HANSON and/or DOE 26 breached their duty of ordinary care to JOSEPH DWYER.

2      74.     The injuries sustained by JOSEPH DWYER on or about March 7, 2005 were and

3   are compensable under the Longshore and Harbor Workers' Compensation Act, and the Defense

4   Base Act extension of the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 901,

5   *et. seq.;* 42 U.S.C. § 1651, *et. seq.* As such, as a direct and proximate result of the negligent acts

6   of defendants herein, and each of them, plaintiff INSURANCE COMPANY OF THE STATE OF

7   PENNSYLVANIA has become liable to provide, has provided, and continues to become liable to

8   provide workers' compensation benefits to and on behalf of JOSEPH DWYER pursuant to the

9   contract of insurance existing between INSURANCE COMPANY OF THE STATE OF

10   PENNSYLVANIA and SAIC on or about March 7, 2005, in an amount according to proof.

11      75.     Plaintiff is informed and believes, and based upon that information and

12   belief alleges that it will be subject to an award of workers' compensation by the Office of

13   Workers' Compensation Programs and/or the Office of Administrative Law Judges and will be

14   required to provide further sums for medical and disability compensation benefits, together with

15   other benefits required by the Longshore and Harbor Workers' Compensation Act, all as a direct

16   and proximate result of the negligence and carelessness of defendants herein, in an amount

17   according to proof.

18      WHEREFORE, plaintiff INSURANCE COMPANY OF THE STATE OF

19   PENNSYLVANIA prays for judgment against defendants, and each of them, as follows:

20      1. For damages according to proof;

21      2. For damages in a sum no less than the value of all workers' compensation benefits paid

22   to, and on behalf of, Joseph Dwyer, according to proof;

23      3. For prejudgment interest at the legal rate;

24      4. For costs of suit herein;

25   //

26   //

27   //

28   //

5. For such further and other relief as the court may deem just and proper under the circumstances.

DATED: March 1, 2007

Respectfully submitted,

LAUGHLIN, FALBO, LEVY & MORESI LLP

By:

Michael W. Thomas
Robyn A. Leonard
Attorneys for Defendants
INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA

- 19 -

# Exhibit 2

# California Business Portal

### Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of MAY 18, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA | | |
| **Number:** C0053846 | **Date Filed:** 5/20/1908 | **Status:** active |
| **Jurisdiction:** PENNSYLVANIA | | |
| **Address** | | |
| 70 PINE ST | | |
| NEW YORK, NY 10270 | | |
| **Agent for Service of Process** | | |
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# Exhibit 3

**FILED**
2007 Mar-07  PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

JOSEPH DWYER, an individual;

        Plaintiff,

vs.                         CIVIL ACTION NO.: 5:07-cv-0411-CLS

                                      DEMAND FOR JURY TRIAL

EOD TECHNOLOGY, INC., a
corporation;

        Defendant.

## AMENDED COMPLAINT

## I. JURISDICTION

    1.    The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars. Jurisdiction is appropriate pursuant to U.S.C. Title 28, §1332. This lawsuit involves claims of personal injury.

## II. GENERAL AVERMENTS

    2.    The Plaintiff Joseph Dwyer (hereinafter "Dwyer") is a resident adult citizen of Raeford, Hoke County, North Carolina, and was so at the time of all facts pertinent to these allegations.

    3.    Ali Fallah Hassan (hereinafter "Hassan") is upon information and belief an individual and resident of Baghdad, Iraq. At all times pertinent hereto, Hassan was acting as an employee and/or agent of the Defendant, EOD Technology, Inc. and Al Hurea, an Iraqi business owned by Emad Abed-Alkareem Raheem. At all times pertinent hereto, Hassan was acting within the line and scope of his employment and/or agency with Al Hurea and/or EOD Technology, Inc. At the time of the incident made the basis of this suit, Hassan was operating an AK-47 automatic assault rifle which was upon information and belief, owned by and entrusted to him by Defendant EOD Technology, Inc., or agents thereof.

4.    Al Hurea is upon information and belief an Iraqi entity that was hired by Defendant EOD Technology, Inc., to assist in guarding and securing the perimeter of EOD Technology, Inc's security villa located in the "Green Zone" in Baghdad, Iraq.

5.    Defendant EOD Technology, Inc. (hereinafter "EODT") is upon information and belief a Delaware corporation that is registered with the Alabama Secretary of State to do business in Alabama. EODT conducts business from a national business office in Huntsville, Madison County, Alabama. Defendant EODT is liable for the actions and/or inactions of its employees and/or agents under theories of agency, respondeat superior, vicarious liability, and/or any other theory available under Alabama law.

6.    On or about March 7, 2005, Defendant EODT was operating its business in Baghdad, Iraq at its security villa. EODT had a non-delegable duty to use reasonable care in carrying out its business activities, which involved inherently dangerous activities. In order to carry out its business activities, EODT hired, trained, and supervised Al Hurea and Ali Fallah Hassan, to guard the perimeter of EODT's security villa located in the "Green Zone" in Baghdad, Iraq.

7.    On March 7, 2005, Plaintiff Dwyer was employed by Science Applications International Corporation (hereinafter "SAIC") to conduct security services for SAIC in or around the "Green Zone" in Baghdad, Iraq. On said date, Dwyer was on the premises of EODT as a business invitee, for the purpose of obtaining vehicle modifications to SAIC vehicles, when Hassan, who was an agent and/or employee of the Defendants, negligently and/or wantonly discharged his AK-47 automatic assault rifle. One of the stray bullets struck Plaintiff in the right buttock, cut a diagonal path through his midsection, and exited through his left groin area.

8.    Plaintiff was caused to suffer grave personal injury, including, but not limited to rectal injury and a shattered pelvic bone which have necessitated multiple surgeries and wound debridement. He has been caused to incur substantial bills in the treatment of his injuries including bills for hospital care, physician care, and numerous related costs. He has suffered a permanent impairment to his body as a whole and is permanently disabled. He has incurred lost wages, and has suffered a permanent impairment to his ability to earn a living. His permanent physical and mental injuries will adversely affect him in the future, and he has suffered significant pain, distress, disability, loss of enjoyment, and mental anguish because of his injuries and the residual effects of those injuries.

9.    As a result of said injuries, the plaintiff has sustained, and in the future will continue to receive medical and hospital care and treatment furnished by the United States. Under the provisions of Title 42 United States Code, Sections 2651-2653 et seq. and Title 10 United States Code, Section 1095, and any other applicable statutes, the

plaintiff, for the sole use and benefit of the United States and with its express consent, asserts a claim for the cost of said past treatment and the value of future care, as well as, for wages paid by the United States to active duty service members who were unable to perform their military duties due to injuries received as a result of defendants' negligence.

## III. CAUSES OF ACTION

### COUNT ONE - NEGLIGENCE

10. Plaintiff re-alleges and re-adopts all of the foregoing paragraphs of the complaint as if set out fully herein.

11. On or about March 7, 2005, in the "Green Zone" of Baghdad, Iraq, the Defendants, by and through their agents, and/or employees, negligently caused or allowed an AK-47 automatic assault rifle to be discharged and caused bullets from said rifle to strike the Plaintiff.

12. Plaintiff claims negligence against all Defendants, separately and severally, and claims that the negligent conduct of the Defendants proximately caused and contributed to Plaintiff's severe injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, for negligence, and for all damages as provided by law. Plaintiff prays for such other and further relief as the court and jury deems proper and just, including costs and expenses.

### COUNT TWO - WANTONNESS

13. Plaintiff re-alleges and re-adopts all of the foregoing paragraphs of the complaint as if set out more fully herein.

14. On or about March 7, 2005, in the "Green Zone" of Baghdad, Iraq, the Defendants, by and through their agents, and/or employees, wantonly caused or allowed an AK-47 automatic assault rifle to be discharged and caused bullets from said rifle to strike the Plaintiff.

15. Plaintiff claims wantonness against all Defendants, separately and severally, and claims that the wanton conduct of the Defendants proximately caused and contributed to Plaintiff's severe injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, for wantonness, and for all damages as provided

by law, including both compensatory and punitive damages. Plaintiff prays for such other and further relief as the court and jury deems proper and just, including costs and expenses.

## COUNT THREE – NEGLIGENT ENTRUSTMENT, HIRING, TRAINING AND SUPERVISION

16.     Plaintiff re-alleges and re-adopts all of the foregoing paragraphs of the complaint as if set out more fully herein.

17.     At the time of the incident in question in this case, Hassan was acting in the line and scope of his agency and or employment with the Defendants and was operating an AK-47 automatic assault rifle, which was, upon information and belief, owned by the Defendants, or agents thereof. Said Defendants negligently failed to conduct adequate background investigations of their agents and/or employees; negligently failed to properly train their agents and/or employees to operate an AK-47 automatic assault rifle; negligently entrusted an AK-47 automatic assault rifle to their agents and/or employees; negligently allowed their agents and/or employees to operate said weapon, and/or were negligent in their supervision of their agents and/or employees.

18.     The AK-47 automatic assault rifle being operated by Hassan, at the time of this incident was entrusted to him by the Defendants, at such time that said Defendants either knew or should have known Hassan to be a reckless, careless, and an indifferent agent and/or employee; and to be improperly and/or inadequately trained in its safe use; rendering the AK-47 automatic assault rifle, in the hands of Hassan, a dangerous instrument.

19.     Plaintiff claims negligence against all Defendants, separately and severally, and claims that the negligent conduct of the Defendants proximately caused and contributed to Plaintiff's severe injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, for negligence, and for all damages as provided by law. Plaintiff prays for such other and further relief as the court and jury deems proper and just, including costs and expenses.

## COUNT FOUR – WANTON ENTRUSTMENT, HIRING AND SUPERVISION

20.     Plaintiff re-alleges and re-adopts all of the foregoing paragraphs of the complaint as if set out more fully herein.

- 4 -

21.    At the time of the incident in question in this case, Hassan was acting in the line and scope of his agency and or employment with the Defendants and was operating an AK-47 automatic assault rifle, which was, upon information and belief, owned by the Defendants, or agents thereof.  Said Defendants wantonly failed to conduct adequate background investigations of their agents and/or employees; wantonly failed to properly train their agents and/or employees to operate an AK-47 automatic assault rifle; wantonly entrusted an AK-47 automatic assault rifle to their agents and/or employees; wantonly allowed their agents and/or employees to operate said weapon, and/or were wanton in their supervision of their agents and/or employees.

22.    The AK-47 automatic assault rifle being operated by Hassan, at the time of this incident was entrusted to him by the Defendants, at such time that said Defendants either knew or should have known Hassan to be a reckless, careless, and an indifferent agent and/or employee; and to be improperly and/or inadequately trained in its safe use; rendering the AK-47 automatic assault rifle, in the hands of Hassan, a dangerous instrument.

23.    Plaintiff claims wantonness against all Defendants, separately and severally, and claim that the wanton conduct of the Defendants proximately caused and contributed to Plaintiff's severe injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, for wantonness, and for all damages as provided by law, including both compensatory and punitive damages.  Plaintiff prays for such other and further relief as the court and jury deems proper and just, including costs and expenses.

## COUNT FIVE - COMBINING AND CONCURRING NEGLIGENCE & WANTONNESS

24.    Plaintiff re-alleges and re-adopts all of the foregoing paragraphs of the complaint as if set out more fully herein.

25.    Plaintiff claims that the Defendants are guilty of combining and concurring negligence and/or wantonness which proximately caused the damages complained of herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, for combining and concurring negligence and/or wantonness, and for all damages provided by law, including compensatory and punitive damages.  Plaintiff prays for such other and further relief as the court and jury deems proper and just, including costs and expenses.

- 5 -

## COUNT SIX – PREMISES LIABILITY
### NEGLIGENCE

26.    Plaintiff re-alleges and re-adopts all of the foregoing paragraphs of the complaint as if set out more fully herein.

27.    On or about March 7, 2005, the Plaintiff, Joseph Dwyer, was a business invitee at defendant's premises, which was owned, leased, and/or operated by defendant, EODT.

28.    The Defendants, both named and fictitious, negligently failed to maintain and keep its premises in a reasonably safe condition and negligently failed to warn the Plaintiff of the unsafe and hazardous condition.

29.    As a proximate consequence of the Defendants' negligent failure to keep their premises in a reasonably safe condition, and/or as a proximate consequence of the Defendants' negligent failure to warn the Plaintiff of the unsafe condition, the Plaintiff was caused to suffer the injuries and damages as described in paragraphs eight (8) and nine (9) of this complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, for negligence, and for all damages as provided by law. Plaintiff prays for such other and further relief as the court and jury deems proper and just, including costs and expenses.

## COUNT VII – PREMISES LIABILITY
### WANTONNESS

30.    Plaintiff re-alleges and re-adopts all of the foregoing paragraphs of the complaint as if set out more fully herein.

31.    On or about March 7, 2005, the Plaintiff, Joseph Dwyer, was a business invitee at defendant's premises, which was owned, leased, and/or operated by defendant, EODT.

32.    The Defendants, both named and fictitious, wantonly failed to maintain and keep its premises in a reasonably safe condition and wantonly failed to warn the Plaintiff of the unsafe and hazardous condition.

33.    As a proximate consequence of the Defendants' wanton failure to keep their premises in a reasonably safe condition, and/or as a proximate consequence of the Defendants' wanton failure to warn the Plaintiff of the unsafe condition, the Plaintiff was

caused to suffer the injuries and damages as described in paragraphs eight (8) and nine (9) of this complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, for wantonness, and for all damages as provided by law, including both compensatory and punitive damages. Plaintiff prays for such other and further relief as the court and jury deems proper and just, including costs and expenses.

_S A Watson Jr._

S. A. Watson, Jr.
Bar Number: ASB-5303-W78S
Attorney for Plaintiffs
HORNSBY, WATSON, HORNSBY,
BLACKWELL & MCKOWN
1110 Gleneagles Drive
Huntsville, Alabama 35801
Telephone: 256-650-5500
Facsimile: 256-650-5504
Email: sawjr@hornsbywatson.com

_Ralph W. Hornsby Jr._

Ralph W. Hornsby, Jr.
Bar Number: ASB-1724-N43R
Attorney for Plaintiffs
HORNSBY, WATSON, HORNSBY,
BLACKWELL & MCKOWN
1110 Gleneagles Drive
Huntsville, Alabama 35801
Telephone: 256-650-5500
Facsimile: 256-650-5504
Email: rwhj@hornsbywatson.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

_Ralph W. Hornsby Jr._

Ralph W. Hornsby, Jr.

- 7 -